IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT SALLIE, </br></br> Plaintiff, </br></br> vs. </br></br> CITY OF EAST ST. LOUIS, ILLINOIS, d/b/a, EAST ST. LOUIS POLICE DEPARTMENT and EAST ST. LOUIS, ILLINOIS POLICE DEPARTMENT, </br></br> Defendants. | ) </br> ) </br> ) </br> ) </br> ) Case No. 3:21-cv-1069 </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

## COMPLAINT AND JURY DEMAND

Now comes the Plaintiff, ROBERT SALLIE, by his attorneys, PRATT & TOBIN, P.C., and for his Complaint and Jury Demand against the Defendants, CITY OF EAST ST. LOUIS, ILLINOIS, d/b/a, EAST ST. LOUIS POLICE DEPARTMENT and EAST ST. LOUIS POLICE DEPARTMENT, states the following:

## COUNT I
### (Overtime Under FLSA, 29 U.S.C. § 201, et seq.)

For Count I against the Defendants, Plaintiff states the following:

1. That at all times relevant hereto, the Plaintiff was a resident of Belleville, Illinois and was employed by the Defendants as a police officer.

2. That at all times relevant hereto, the Defendant, City of East St. Louis, Illinois, was a municipal corporation, organized and existing under the laws of the State of Illinois and located in St. Clair County, Illinois, within the Southern District of Illinois.

3. That in the alternative, under the provisions of Federal Rule of Civil Procedure 8(d), at all times relevant hereto, the Defendant, City of East St. Louis, Illinois, maintained a department, known as the East St. Louis Police Department, or, the East St. Louis Police Department was a local public entity, separate and legally distinct from the City of East St. Louis, Illinois.

4. That at all times relevant hereto, there was in full force and effect throughout the United States the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter the FLSA).

5. That at all times relevant hereto, the Defendants were an "employer" and the Plaintiff was an "employee" under 29 U.S.C. § 203 and were covered by the provisions of the FLSA.

6. That from June 14, 2019, through and including November 14, 2019, Plaintiff was a member of the K-9 unit and was assigned a specific dog within the unit, for which he became responsible 24 hours a day, 7 days a week.

7. That in addition to working his normal hours for the Defendants as a police officer, Plaintiff worked many additional hours, both on-duty and after-duty, hours caring for the dog to which Defendants assigned him and worked hundreds of hours in excess of forty (40) hours per work week grooming, bathing, feeding, exercising, training and cleaning up after the dog and has accumulated approximately 413 hours of unpaid overtime.

8. That the Defendants assigned the Plaintiff to work all the additional hours caring for the dog and were aware and agreed to his working the additional hours.

9. That in violation of the provisions of 29 U.S.C. § 207 the Defendant has refused to pay the Plaintiff for the overtime hours he worked.

10. That this claim is brought under the provisions of 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants for all of the overtime pay to which he is entitled, plus liquidated damages, reasonable attorney's fees, the costs of the action and costs of court.

## COUNT II
### (Retaliation Under FLSA, 29 U.S.C. § 201, et seq.)

For Count II against the Defendants, Plaintiff states the following:

1. That at all times relevant hereto, the Plaintiff was a resident of Belleville, Illinois and was employed by the Defendants as a police officer.

2. That at all times relevant hereto, the Defendant, City of East St. Louis, Illinois, was a municipal corporation, organized and existing under the laws of the State of Illinois and located in St. Clair County, Illinois, within the Southern District of Illinois.

3. That in the alternative, under the provisions of Federal Rule of Civil Procedure 8(d), at all times relevant hereto, the Defendant, City of East St. Louis, Illinois, maintained a department, known as the East St. Louis Police Department, or, the East St. Louis Police Department was a local public entity, separate and legally distinct from the City of East St. Louis, Illinois.

4. That at all times relevant hereto, there was in full force and effect throughout the United States the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* (hereinafter the FLSA).

5. That at all times relevant hereto, the Defendants were an "employer" and the Plaintiff was an "employee" under 29 U.S.C. § 203 and were covered by the provisions of the FLSA.

6. That from June 14, 2019, through and including November 14, 2019, Plaintiff was a member of the K-9 unit and was assigned a specific dog within the unit, for which he became responsible 24 hours a day, 7 days a week.

7. That in addition to working his normal hours for the Defendants as a police officer, Plaintiff worked many additional hours, both on-duty and after-duty, hours caring for the dog to which Defendants assigned him and worked hundreds of hours in excess of forty (40) hours per work week grooming, bathing, feeding, exercising, training and cleaning up after the dog and has accumulated approximately 413 hours of unpaid overtime.

8. That the Defendants assigned the Plaintiff to work all the additional hours caring for the dog and were aware and agreed to his working the additional hours.

9. That in violation of the provisions of 29 U.S.C. § 207 the Defendant has refused to pay the Plaintiff for the overtime hours he worked.

10. That Plaintiff made a claim for overtime with the Defendants.

11. That in response to Plaintiff's claim for overtime, the Defendants demanded that the Plaintiff sign a "waiver" of his right to overtime.

12. That when Plaintiff declined to sign the "waiver," Defendants retaliated by removing Plaintiff from the K-9 unit and reclaiming the dog to which Plaintiff was assigned.

13. That since Plaintiff asserted his claim for overtime and refused to sign a "waiver," Defendants have further retaliated against and harassed the Plaintiff in a number of ways, including reassigning him to an older, unsafe patrol vehicle and disciplining him for alleged misconduct in situations where other, similarly situated police officers were not disciplined.

14. That in retaliating against the Plaintiff for asserting his right to overtime, the Defendants violated the provisions of 29 U.S.C. § 215(a)(3).

WHEREFORE, Plaintiff prays for judgment in his favor and against the Defendants for for all of the overtime pay to which he is entitled, plus liquidated damages, reasonable attorney's

fees, the costs of the action, damages for pain and suffering, such other legal or equitable relief to which as may be appropriate under the provisions of 29 U.S.C. § 216(b), plus costs of court.

PRATT & TOBIN, P.C.

BY:/s/ Edward J. Szewczyk
Edward J. Szewczyk, #2791765
150 S. Bellwood Drive
P.O. Box 179
East Alton, IL 62024
Telephone: (618) 259-8011
Facsimile: (618) 259-6793
ejs@prattandtobim.com

ATTORNEYS FOR PLAINTIFF