IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT SALLIE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  Case No. 21–CV-1069-SMY |
| | ) |
| **CITY OF EAST ST. LOUIS, ILLINOIS,** | ) |
| | ) |
| **Defendant.** | ) |

# ORDER

**YANDLE, District Judge:**

On August 27, 2021, Plaintiff Robert Sallie filed the instant lawsuit pursuant to the Fair Labor Standards Act ("FLSA") to collect overtime pay for hours allegedly worked in the K-9 unit of the East St. Louis Police Department. Under the Court's Scheduling and Discovery Order, discovery closed on January 23, 2023 and jury trial is set to commence on June 12, 2023 (Doc. 20). On March 27, 2023, Plaintiff moved to file a second amended complaint to add a claim for retaliation for filing his FLSA claim, based on the defendant placing him on administrative leave on April 1, 2022, and "constructively discharging" him on November 21, 2022 (Doc. 27). The Court conducted a hearing on the motion on March 28, 2023 (Doc. 28).

While, under Rule 15 of the Federal Rules of Civil Procedure, leave to amend a pleading should be freely given when justice so requires, the trial court may refuse to grant leave under certain circumstances including undue delay in filing the motion. *See, Campania Mgmt. Co. v. Rooks, Pitts & Poust,* 290 F.3d 843, 848-850 (7th Cir. 2002) (affirming denial of leave to amend when moving party sought to add new theories of liability late in the case). The court may also properly deny leave to amend when the proposed amendment would "[inject] a new issue into the case on the eve of trial." *Id.*

Here, Plaintiff's asserted overtime claim is for work he performed between June and November 2019. His proposed amendment concerns alleged retaliatory actions completely distinct from the allegations raised in his Amended Complaint. Moreover, Plaintiff was issued a right to sue letter from the EEOC regarding the additional claim on January 6, 2023 but did not seek leave to amend until over 60 days thereafter.

In sum, allowing an amendment to assert a new and distinct claim at this juncture would necessitate reopening discovery and result in significantly delaying the proceedings on essentially the eve of trial, which this Court declines to do under the circumstances. Accordingly, Plaintiff's Motion for Leave to Amend (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 10, 2023**

**STACI M. YANDLE**
**United States District Judge**